UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TRAVELERS COMMERCIAL       )
CASUALTY COMPANY,          )
                           )
        Plaintiff,         )
                           )
    v.                     )   No. 4:12 CV 1550 DDN
                           )
SIELFLEISCH ROOFING, INC. et al., )
                           )
        Defendants.        )

**MEMORANDUM & ORDER**

This action is before the court on the motions of defendants Sielfleisch Roofing, Inc., Mark Sielfleisch, and Lynette Guignard to quash the subpoenas plaintiff Travelers Commercial Casualty Company issued to Concord Bank and to accountants Thomas W. Cunniff, LLC and James T. O'Brien. (Docs. 25, 26.) The court heard oral argument on May 3, 2013.

**I. BACKGROUND**

On August 8, 2012, plaintiff Travelers Commercial Casualty Company commenced this action against defendants Sielfleisch Roofing, Inc., Mark Sielfleisch, and Lynette Guignard. (Doc. 1.) According to the complaint, the following occurred. Plaintiff is a stock insurance company organized under Connecticut law. (Id. at ¶ 2.) Defendant Sielfleisch Roofing, Inc. is a corporation organized under Missouri law. (Id. at ¶ 3.) Defendants Mark Sielfleisch and Lynette Guignard are Missouri citizens and the principals and the sole supervisors and executives of Mark H. Sielfleisch Roofing, Inc. and MHS Roofing Maintenance and Repair, Inc. (Id. at ¶¶ 4, 20.)

Plaintiff issued a workers' compensation and employer liability insurance policy to Mark H. Sielfleisch Roofing, Inc. and MHS Roofing Maintenance and Repair, Inc. to cover the period of May 9, 2003 to May 9, 2004. (Id. at ¶ 8.) On February 6, 2004, plaintiff canceled the policy due to a failure to cooperate with plaintiff's auditor. (Id. at ¶ 8.) Subsequently, plaintiff billed Mark H. Sielfleisch Roofing, Inc. and MHS Roofing Maintenance and Repair, Inc. for overdue premiums, but they refused to pay. (Id. at ¶¶ 10-11.)

On July 28, 2009, plaintiff filed suit against Mark H. Sielfleisch Roofing, Inc. and MHS Roofing Maintenance and Repair, Inc. in Missouri circuit court to recover the unpaid premiums. (Id. at ¶ 12.) On December 9, 2010, the circuit court awarded plaintiff $145,412.83. (Id. at ¶ 14.)

On February 15, 2011, counsel for Mark H. Sielfleisch Roofing, Inc. and MHS Roofing Maintenance and Repair, Inc. e-mailed plaintiff's counsel, stating for the first time that neither corporation had actively conducted business for several years and that the value of their aggregate assets was $25,000. (Id. at ¶ 21, Doc. 1-1.) Thereafter, Mark Sielfleisch and Lynette Guignard stated that they formed Sielfleisch Roofing, Inc. to take advantage of preferential contracting opportunities for women-owned businesses. (Doc. 1 at ¶ 23.) However, the Missouri Office of Equal Opportunity reports no record of defendants applying for or receiving certification as a women-owned business. (Id. at ¶ 23.)

Plaintiff alleges successor liability and piercing the corporate veil against defendant Sielfleisch Roofing, Inc. (Id. at ¶¶ 26-48.) Plaintiff further alleges against all defendants actual and constructive fraudulent transfer, tortious interference with business expectancy, and negligent misrepresentation. (Id. at ¶¶ 49-98.)

## II. DISCUSSION

Defendants move to quash the subpoena directed to Concord Bank, arguing that it is overbroad, vague, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants move to quash the subpoenas directed to accountants Thomas W. Cunniff, LLC and James T. O'Brien, arguing that they violate the accountant-client privilege and the Fifth Amendment right against self-incrimination and that they are overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Alternatively, defendants move that any production of documents be produced under a protective order. (Docs. 25, 26.)

**A. Motion to Quash the Subpoena Directed to Concord Bank**

On April 3, 2013, plaintiff issued a subpoena to Concord Bank that requested the production of:

> All notes, financing statements, or other documents by which the Bank obtained any interest in the assets, inventory, equipment, or other property of any one or more of the following: Mark H. Sielfleisch Roofing, Inc.; MHS Roofing Maintenance & Repair, Inc.; Mark H. Sielfleisch; Lynette Guignard, a/k/a Lynette Sielfleisch; and Sielfleisch Roofing, Inc.

(Doc. 25-1.)

Defendants argue that the subpoena is overbroad because it does not specify a time frame. Specifically, defendants argue that because Sielfleisch Roofing, Inc. commenced operations in 2004, Mark H. Sielfleisch Roofing, Inc. ceased operations in 2004 and MHS Roofing Maintenance & Repair, Inc. ceased operations in 2009, the relevant time periods are the years 2004 and 2009.

"[P]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the claim or defense of any party." Fed R. Civ. P. 26(b)(1). Plaintiff argues that the request is relevant for their fraudulent transfer and successor liability claims.

Under Missouri law, generally, "where one corporation sells or otherwise transfers all of its assets to another corporation, the latter is not liable for the debts and liabilities of the former." Roper Elec. Co. v. Quality Castings, Inc., 60 S.W.3d 708, 711 (Mo. Ct. App. 2001). However, one exception is where the purchasing corporation is merely a continuation of the selling corporation. Id. The relevant factors recognized by Missouri include "whether the business operations are identical" and "whether the transferee uses the same trucks, equipment, labor force, supervisors and name of the transferor." Id. The court finds that the documents requested by plaintiff could demonstrate these factors.

Moreover, use of the same equipment could be demonstrated, for example, by a financing statement regarding a piece of equipment with MHS Roofing Maintenance & Repair, Inc. as debtor and a second financing statement regarding the same equipment with Sielfleisch Roofing, Inc. as debtor, regardless of the dates of either financing statements. Further, fraudulent transfer and successor liability actions typically involve fact-intensive inquiries and circumstantial evidence. See e.g., id. at 713 (successor liability); Brockmann v. O'Neill, 565 S.W.2d 796, 798-99 (Mo. Ct. App. 1978) (successor liability); Allison v. Mildred, 307 S.W.2d 447, 454 (Mo. 1957); Herrold v. Hart, 290 S.W.2d 49, 55 (Mo. 1956) (fraudulent transfer). Thus, defendants' argument that the request is overbroad due to not limiting the request to particular years is without merit.

Defendants also argue that the subpoena is vague because it is unclear whether plaintiff seeks documents that transfer no interest to Concord Bank. However, the court finds that the subpoena clearly states that plaintiff does not seek such documents and the parties agree on this interpretation of the subpoena. (Doc. 25 at 2; Doc. 27 at 7-8.)

Defendants further argue that because Mark H. Sielfleisch Roofing, Inc. and MHS Roofing Maintenance & Repair, Inc. did not own real property, requesting documents regarding the Concord Bank's security interests in real property is not reasonably calculated to lead to the discovery of admissible evidence. However, plaintiff does not limit the request to real property. Further, even assuming the truth of defendants'

allegation, the fact that a request will not result in the discovery of admissible evidence does not mean that the request is not reasonably calculated to do so. Demanding that discovery requests result in admissible evidence would undercut the fundamental purposes of discovery, which include narrowing the issues and obtaining knowledge of relevant facts. See Mawby v. United States, 999 F.2d 1252, 1254 (8th Cir. 1993).

Finally, defendants argue that the subpoena does not specifically describe the relevant personal property or fixtures and, therefore, the request is not reasonably calculated to lead to the discovery of admissible evidence. Considering plaintiff's claims and the scope and purposes of discovery, such specificity is not required for this subpoena.

Accordingly, defendants' motion to quash the subpoena issued to Concord Bank is denied.

**B. Motion to Quash the Subpoenas Directed to Thomas W. Cunniff, LLC and James T. O'Brien**

On April 3, 2013, plaintiff issued subpoenas to Thomas W. Cunniff, LLC, and James T. O'Brien that requested production of:

> 1. All tax returns and any other documents filed with the Internal Revenue Service and/or Missouri Department of Revenue by or on behalf of Sielfleisch Roofing, Inc. at any time.
>
> 2. All documents received from the Internal Revenue Service and/or Missouri Department of Revenue regarding Sielfleisch Roofing, Inc. at any time.
>
> 3. All tax returns any other documents filed with the Internal Revenue Service and/or Missouri Department of Revenue by or on behalf of Mark H. Sielfleisch regarding tax years from 2004-2008.
>
> 4. All documents received from the Internal Revenue Service and/or Missouri Department of Revenue by or on behalf of Mark H. Sielfleisch regarding tax years 2004-2008.

5. All tax returns and any other documents filed with the Internal Revenue Service and/or Missouri Department of Revenue by or on behalf of Lynette Guignard aka Lynette Sielfleisch for tax years 2004-2008.

6. All documents received from the Internal Revenue Service and/or Missouri Department of Revenue regarding Lynette Guignard aka Lynette Sielfleisch for tax years 2004-2008.

7. All tax returns and any other documents filed with the Internal Revenue Service and/or Missouri Department of Revenue by or on behalf of Mark H. Sielfleisch Roofing, Inc. regarding tax years 2003 to present.

8. All documents received from the Internal Revenue Service and/or Missouri Department of Revenue regarding Mark H. Sielfleisch Roofing, Inc. regarding tax years 2003 to present.

9. All tax returns and any other documents filed with the Internal Revenue Service and/or Missouri Department of Revenue by or on behalf of MHS Roofing Maintenance & Repair, Inc. regarding tax years 2003 to present.

10. All documents received from the Internal Revenue Service and/or Missouri Department of Revenue regarding MHS Roofing Maintenance & Repair, Inc. regarding tax years 2003 to present.

11. All documents creating, memorializing, discussing, or amending a controlled group of corporations for tax purposes involving one or more of the following entities: Mark H. Sielfleisch Roofing, Inc.; MHS Roofing Maintenance & Repair, Inc.; and/or Sielfleisch Roofing, Inc.

12. All tax apportionment plans involving one or more of the following entities. Mark H. Sielfleisch Roofing, Inc.; MHS Roofing Maintenance & Repair, Inc.; and/or Sielfleisch Roofing, Inc.

13. All financial statements, including without limitation balance sheets, income statements, profit/loss statements, audited financials, or the like for Mark H. Sielfleisch Roofing, Inc. from 2003 to present.

14. All financial statements, including without limitation balance sheets, income statements, profit/loss statements, audited financials, or the like for MHS Roofing Maintenance & Repair, Inc. from 2003 to present.

15. All financial statements, including without limitation balance sheets, income statements, profit/loss statements, audited financials, or the like for Sielfleisch Roofing, Inc. at any time.

(Docs. 26-1; 26-2.)

Defendants argue that plaintiff's request is barred by the accountant-client privilege. Fed. R. Evid. 501 states that the state law that supplies the rule of decision also supplies the law regarding privileges. Missouri law governs inquiries regarding privileges in this case. The relevant Missouri statute states:

> A licensee shall not be examined by judicial process or proceedings without the consent of the licensee's client as to any communication made by the client to the licensee in person or through the media of books of account and financial records, or the licensee's advice, reports or working papers given or made thereon in the course of professional employment, nor shall a secretary, stenographer, clerk or assistant of a licensee, or a public accountant, be examined, without the consent of the client concerned, regarding any fact the knowledge of which he or she has acquired in his or her capacity as a licensee.

Mo. Rev. Stat. § 326.322(2).

Plaintiff argues that defendants' affirmative defenses waived the accountant-client privilege by placing their financial condition and tax status at issue. Under Missouri law, placing the subject matter of a privileged communication at issue waives the accountant-client privilege. State ex rel. Rowland v. O'Toole, 884 S.W.2d 100, 103 (Mo. Ct. App. 1994).

In the underlying state action, counsel for Mark H. Sielfleisch Roofing, Inc., MHS Roofing Maintenance and Repair, Inc., and Sielfleisch Roofing, Inc. sent an email, dated February 15, 2011, to defendants' counsel, which included the following representations:

> At this time, neither Mark H. Sielfleisch Roofing, Inc. and MHS Roofing Maintenance and Repair, Inc. are active businesses and have not been for several years. Mark H. Sielfleisch Roofing, Inc. retains certain of its original assets including a 2000 crane, as well as a 2001 and 2005 truck. Mark Sielfleisch estimates the total value of those assets to be about $25,000.

> Sielfleisch Roofing, Inc. is a completely separate legal entity from the other two companies and has observed all appropriate corporate formalities with respect to separate assets, separate books, a separate FEIN number, different ownership, and different management.
>
> If you would like to see the latest financial statements for MHS Roofing Maintenance & Repair Inc. and Mark H. Sielfleisch Roofing, Inc. I would be happy to provide that information in advance of next week's settlement meeting.

(Doc. 1-1 at 2.)[1] The court finds that the February 15, 2011 email waives the accountant-client privilege of Mark H. Sielfleisch Roofing, Inc., MHS Roofing Maintenance and Repair, Inc., and Sielfleisch Roofing, Inc.

Although Missouri courts have addressed the issue of waiver resulting from placing the subject matter of privileged communications at issue, few have addressed the contours of the privilege. However, courts have found the accountant-client privilege analogous to the attorney-client privilege. See State ex rel. Sw. Bell Publications v. Ryan, 754 S.W.2d 30, 32 (Mo. Ct. App. 1988); Rose v. Commercial Factors of Atlanta, Inc., 262 Ga. App. 528, 529, 586 S.E.2d 41, 42-43 (2003); Fed. Ins. Co. v. Arthur Anderson & Co., 816 S.W.2d 328, 330 (Tenn. 1991).

Plaintiff argues that the accountant-client privilege does not apply to documents sent to or received from third parties. Missouri courts have held that voluntarily sharing information with a third party waives the attorney-client privilege. Lipton Realty, Inc. v. St. Louis Hous. Auth., 705 S.W.2d 565, 570 (Mo. Ct. App. 1986). They have also held that the attorney-client privilege does not attach to documents created by third parties merely because attorneys possess them. State ex rel. Great Am. Ins. Co. v. Smith, 574 S.W.2d 379, 385 (Mo. 1978); Bd. of Registration for Healing Arts v. Spinden, 798 S.W.2d 472, 476 (Mo. Ct. App. 1990). Therefore, accountant-client privilege does not apply to documents received from or filed with the Internal Revenue Service or the

---

[1] The court notes that defendants' current counsel did not represent defendants in the underlying state action.

Missouri Department of Revenue, or other documents similarly received from or sent to another third party.

Defendants respond that filing documents with taxing authorities did not waive the privilege because defendants expected confidentiality due to the fact that such documents are not publicly available. However, although Missouri courts have not considered this issue, other courts have held that filing documents with the Internal Revenue Service waives the attorney-client privilege. See e.g., United States v. Cote, 456 F.2d 142, 145 (8th Cir. 1972); United States v. Mierzwicki, 500 F. Supp. 1331, 1334-35 (D. Md. 1980); United States v. Schlegel, 313 F. Supp. 177, 179-80 (D. Neb. 1970).

Accordingly, the accountant-client privilege does not protect the documents requested in the subpoenas directed to Thomas W. Cunniff, LLC, and James T. O'Brien.

Defendants Mark Sielfleisch and Lynette Guignard also invoke the Fifth Amendment privilege against self-incrimination. The Fifth Amendment states, "No person . . . shall be compelled in any criminal case to be a witness against himself." The privilege may be invoked in civil proceedings "where the answers might be incriminating in future criminal proceedings." United States v. Nace, 418 F.3d 945, 947 (8th Cir. 2005). "[A] person may be required to produce specific documents even though they contain incriminating assertions of fact or belief because the creation of those documents was not 'compelled' within the meaning of the privilege." United States v. Hubbell, 530 U.S. 27, 35 (2000). However, the act of production itself may have "a compelled testimonial aspect" that might communicate "the existence, custody, and authenticity of the documents." Id. at 36-37.

Defendants do not elaborate on their invocation of the privilege. In civil cases, the Fifth Amendment does not provide an all-encompassing right of refusal to discovery requests. Gen. Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir. 1973); Capitol Products Corp. v. Hernon, 457 F.2d 541, 542 (8th Cir.1972). Rather, the court must determine "from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered

might be dangerous because injurious disclosure could result." Capital Products Corps., 457 F.3d at 543. Defendants offer no explanation other than they might be held liable in the future for unpaid taxes. Such is a clearly speculative prospect. The court concludes that defendants have not satisfied their burden of establishing a legally sufficient basis for successfully invoking the Fifth Amendment as a bar to these subpoenas.

Defendants further object to each request, arguing that the requests are overbroad and not reasonably calculated to lead to the discovery of admissible evidence. However, these objections are substantially similar to the objections regarding the Concord Bank subpoena discussed and overruled above.

Accordingly, defendants' motion to quash the subpoenas issued to accountants Thomas W. Cunniff, LLC and James T. O'Brien is denied.

**C. Protective Order**

Defendants request that the documents produced in response to the subpoenas issued to Concord Bank, Thomas W. Cunniff, LLC, and James T. O'Brien be subject to the protective order previously entered by this court. (Doc. 24.) Plaintiff acquiesces to this request. (Doc. 27 at 9; Doc. 28 at 14.) Accordingly, documents produced in response to the subpoenas issued to Concord Bank, Thomas W. Cunniff, LLC, and James T. O'Brien are subject to the protective order previously entered by this court.

### III.  CONCLUSION

**IT IS HEREBY ORDERED** that the motion of defendants Sielfleisch Roofing, Inc., Mark Sielfleisch, and Lynette Guignard to quash the subpoena issued to Concord Bank  (Doc. 25) is denied.

**IT IS FURTHER ORDERED** that the motion of defendants Sielfleisch Roofing, Inc., Mark Sielfleisch, and Lynette Guignard to quash the subpoenas issued to Thomas W. Cunniff, LLC, and James T. O'Brien  (Doc. 26) is denied.

**IT IS FURTHER ORDERED** that all documents produced in response to the subpoenas issued to Concord Bank, Thomas W. Cunniff, LLC, and James T. O'Brien are subject to the protective order previously entered by this court.  (Doc. 24.)


　　　　　　　　　　　　　　　　　　　　/S/   David D. Noce　　　　　　　
　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

Signed on May 7, 2013.